IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **THOM SYRDAHL,**<br><br>*Plaintiff*,<br><br>v.<br><br>**AAG RALEIGH, LLC D/B/A FRED ANDERSON NISSAN OF RALEIGH,**<br><br>*Defendant*. | **CASE NO.: 5:22-CV-258** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Thom Syrdahl ("Syrdahl"), and complaining of the Defendant, AAG Raleigh, LLC d/b/a/ Fred Anderson Nissan of Raleigh ("AAG"), alleges the following to be true:

### INTRODUCTION

1     This action arises from AAG's termination of Syrdahl in violation of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*.

2     Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3     Syrdahl is a resident of Wake County, North Carolina, and is neither a minor nor incompetent.

4      AAG is a Domestic corporation with offices and a registered agent in Wake County, North Carolina.

5      This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1    28 U.S.C. § 1331, as the action arises out of 29 U.S.C. §§ 2601 *et seq.*

6      This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1    Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2    N.C. Gen. Stat. § 1-75.4(1)(c) and (d), as AAG was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.

    6.3    N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Syrdahl's person or property.

7      Venue is proper in this Court pursuant to any/all of the following:

    7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Eastern District of North Carolina;

7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of North Carolina.

## STATEMENT OF THE FACTS

8    Syrdahl began working for AAG as an Assistant Service Manager on March 1, 2018.

9    Syrdahl temporarily left AAG in November 2019 but returned to his previous position at the request of Parts and Service Director Jay Cox "Cox" on February 1, 2020.

10    On December 1, 2021, Syrdahl's wife fell and broke a bone in her right foot.

11    On December 5, 2021, while walking on crutches Syrdahl's wife fell and broke a bone in her left foot.

12    On December 7, 2021, Syrdahl's wife's doctor told both of them that she would not be able to walk or drive for 3-6 weeks.

13    That same day, after the doctor's appointment, Syrdahl explained to Service Manager, Chris Rosetti ("Rosetti"), his immediate supervisor, that because his wife could not walk or drive, he needed to stay home to take care of their two young children. Rosetti said that HR would contact him to start the FMLA process.

14    On December 10 and 13, 2021, Syrdahl missed calls from Jordan Alexander ("Alexander") in HR.

15    On December 14, Syrdahl reached Alexander by phone. Alexander said he was following up on Syrdahl's FMLA documents. Syrdahl stated he had not received any FMLA documents. Alexander then emailed FMLA documents to Syrdahl.

16      The FMLA documents Alexander emailed to Syrdahl stated that he was eligible for FMLA and had a due date of December 23, 2021.

17      Syrdahl took the FMLA documents to his wife's doctor on December 17, 2021.

18      On December 20, 2021, Syrdahl contacted his wife's doctor's office about the FMLA documents. They explained that there was some confusion since he was not the one injured, but that they would take care of it and have the FMLA paperwork filled out later that day.

19      On December 20, 2021, Cox called Syrdahl and left a message saying he was terminated because he had not turned in his FMLA paperwork yet.

20      AAG employed 50 or more employees for 20 or more workweeks in the 12 months preceding Syrdahl's termination.

## FIRST CAUSE OF ACTION
**FMLA Interference**
*The Family and Medical Leave Act, 29 U.S.C. §§ 2601* et seq.

21      Syrdahl was eligible for FMLA leave:

    21.1    Syrdahl worked for AAG for at least 12 months;

    21.2    Syrdahl worked at least 1,250 hours in the previous 12 months; and

    21.3    Syrdahl worked at a location were there were 50 or more employees within a 75-mile radius.

22      Syrdahl was entitled to leave to care for his spouse's serious health condition.

23      Syrdahl provided notice of his intent to take leave as soon as practicable.

24      AAG interfered with or denied Syrdahl FMLA benefits to which he was entitled.

25      The interference caused harm.

## SECOND CAUSE OF ACTION
## FMLA Retaliation
*The Family and Medical Leave Act, 29 U.S.C. §§ 2601* et seq.

26      Syrdahl engaged in the protected activity of requesting and taking FMLA leave.

27      Syrdahl was terminated.

28      There is a causal connection between the protected activity and Syrdahl's termination

## REQUEST FOR JURY TRIAL

29      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1      Enter Judgment for Syrdahl against Defendant on all causes of action contained herein;

2      Award Syrdahl damages, including statutory double damages, in an amount to be determined at trial;

3      Tax the costs of this action against Defendant and award Syrdahl reasonable attorney fees as permitted by law, and;

4      Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 5th day of July 2022,*

/s/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

> AAG Raleigh, LLC
> c/o Robert L. Underwood
> 3110 Edwards Mill Road, Suite 100
> Raleigh, NC 27612-5419
> *Defendant*

> /s/ **WILSON FONG**
> *Attorney for the Plaintiff*
> NC State Bar No. 50708
> HENSEL LAW, PLLC
> Post Office Box 39270
> Greensboro, North Carolina 27438
> Phone: (336) 218-6466
> Fax: (336) 218-6467
> will.fong@hensellaw.com